Allen D. **MOHR,** Appellant,

v.

Edward J. **DERWINSKI,** Secretary of Veterans Affairs, Appellee.

No. 90–721.

United States Court of Veterans Appeals.

Jan. 24, 1992.

William G. Smith, Los Angeles, Cal., for appellant.

Before FARLEY, Associate Judge.

### ORDER

This is an appeal from a decision of the Board of Veterans' Appeals (BVA or Board) dated June 27, 1990, which denied appellant's claim for service connection for malaria and for a seizure disorder secondary to malaria. Appellant's brief was filed on May 28, 1991. On August 16, 1991, the Secretary moved for a remand and a stay of further proceedings. Appellant's opposition to a remand was filed on August 27, 1991.

The record on appeal, which was filed on January 3, 1991, reflects that appellant was in the Marines from April 1967 to June 1969 and that he served in Vietnam for over one year. An initial claim for service connection for malaria was denied on December 16, 1970, due to appellant's failure to report for an examination. R. at 33. A second claim was denied in April 1980 on the ground that the veteran's service records did not contain a diagnosis of malaria. R. at 48.

In June 1988, appellant sought to reopen his claim upon new and material evidence. Appellant submitted, inter alia, a letter from a former corpsman who stated that the appellant had demonstrated malaria-like symptoms for five days during June 1968 (R. at 99); an opinion from his treating VA neuropsychologist, Nils Varney, Ph.D., who expressed the view that there was a "strong likelihood that he suffered from a case of severe malaria while serving in Vietnam" and that the record suggests "that his history of malaria is a probable cause of his symptom complex" (R. at 108); and a confirming opinion by Janet K. Smith, Ph.D., of the Iowa City VA Medical Center. R. at 120. In addition, appellant testified at a hearing with respect to the symptoms of malaria which he exhibited in Vietnam and the subsequent manifestation of his seizure disorder.

 The Secretary takes the view that a remand is "in order" because the

BVA needs to explain in detail its reasons or bases for rejecting the assessments of Nils Varney, Ph.D., ... [and] Janet K. Smith, Ph.D. .... Furthermore, the BVA needs to address in detail the March 5, 1988, letter from Robert J. Coxbill, a Navy Corpsman who ... allegedly treated Appellant for malaria.

Secretary's Motion at 1–2. In addition, the Secretary notes that the BVA failed to address the letters and testimony of appellant, did not perform the two-step analysis for reopened claims required by *Manio v. Derwinski*, 1 Vet.App. 140 (1991), and all but ignored the benefit of the doubt provision of 38 U.S.C. § 5107(b) (formerly § 3007(b)). Appellant opposed the remand on the ground that he is entitled to a favorable judgment on the merits.

 The major problem with the BVA decision is not the failure to discount the evidence in support of appellant's claims but the failure to recognize that there simply is no evidence of record against the claim. It is indeed true that "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). However, it is also true that where there is no plausible basis in the record for the factual determinations of the BVA, we can and must overturn them. *See Willis v. Derwinski*, 1 Vet.App. 66, 70 (1991).

The Secretary's candor is commendable; indeed, an appellant would be hard pressed to present a more effective condemnation of a BVA decision. However, for reasons known only to the Secretary and despite being unable to point to a single positive aspect of the BVA decision, he seeks only a remand; the Secretary has submitted neither a confession of error nor a brief addressed to the greater relief sought by appellant. *See* U.S.Vet.App.R. 5, 28(b)(2).

For the reasons stated by the Secretary in support of the motion for remand, the motion will be denied because, on this record, a reversal, not a remand, appears required. Unless the Secretary demonstrates by a timely brief that reversal is not warranted, the Court will enter an order reversing and remanding this case.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion for a remand and for a stay is DENIED; it is further

ORDERED that unless, within 14 days after the date of this order, the Secretary files a brief, the BVA decision of June 27, 1990, will be reversed and the matter remanded for the assignment of an appropriate disability rating. No extensions of time will be granted. Subsequent proceedings will be as ordered by the Court.